# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AMAL HUSSEIN NASSAR,

    Plaintiff,

v.                                            Case No. 15-10683
                                                  Hon. Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## and
## DISMISSING ACTION

This matter is before the Court on Magistrate Judge Elizabeth A. Stafford's Report and Recommendation. **[Doc. No. 13, filed January 27, 2016]** Timely objections and a response to the objections were filed in this matter. **[Doc. Nos. 14 and 15]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve

conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Plaintiff first objects to the Magistrate Judge's failure to remand this matter to the ALJ for a proper consideration of Dr. Charles Seigerman's findings. Plaintiff contends that the ALJ had obligation to consider all of Dr. Seigerman's opinion, not just parts of it. Like the Magistrate Judge, however, the Court does not find evidence that the ALJ failed to *consider* all of Dr. Siegerman's opinion. The ALJ's written decision reflects that he considered Dr. Seigerman's opinion. The ALJ summarized Dr. Seigerman's report (including Dr. Seigerman's diagnoses of Plaintiff's severe impairments), and the ALJ explained why he gave Dr. Seigerman's opinion limited weight. Significantly, the ALJ was not required to adopt all of the conclusions of Dr. Seigerman—or even discuss in detail every part of Dr. Seigerman's opinion—Plaintiff desired. *See, e.g., Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004) ("An ALJ need not discuss every piece of evidence in the record for his decision to stand."). Finally, the Court finds there was substantial

evidence in the record that was inconsistent with Dr. Seigerman's conclusion that Plaintiff was mentally unable to work.

Plaintiff's second objection is that the Magistrate Judge inappropriately excused the ALJ's errors regarding Plaintiff's credibility. Plaintiff focuses on the ALJ's statement that Plaintiff "is apparently able to care for young children at home, which can be quite demanding both physically and emotionally, without any assistance from her disabled husband." (R. 7-2, PgID 126). As Plaintiff argues, (a) the ALJ's statement ignores the fact that Plaintiff's household received assistance from three separate caregivers, and (b) Plaintiff did not testify that she provided unassisted child care for her children. For these reasons, Plaintiff contends that the ALJ's error requires remanding the matter to the ALJ with instructions for him to reweigh the entire record and determine if that error would alter his analysis.

The Court finds that the Magistrate Judge's analysis in declining to adopt Plaintiff's position was well-founded. The Court "may not disturb" a credibility determination of the ALJ absent "a compelling reason." *See, e.g., Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Like the Magistrate Judge, the Court concludes that, even if the ALJ erred with respect to Plaintiff's capacity to care for her children, there was substantial evidence in the record to support the ALJ's credibility determination. First, the objective medical evidence did not support the degree of symptoms and limitations Plaintiff alleged due to pain and depression.

Rather, her medical records reflect normal to mildly impaired physical functioning and that her speech and memory deficits improved with therapy. (R. 7-2, PgID 125-26). Second, the ALJ is permitted to consider his personal observations of Plaintiff. The ALJ noted that he did not observe any obvious pain or discomfort when Plaintiff walked or sat during the course of the hearing. (R. 7-2, PgID 125-26); *Johnson v. Comm'r of Soc. Sec.*, No. 99-1438, 2000 WL 332059, at *4 (6th Cir. Mar. 22, 2000). Third, Plaintiff stopped working for reasons unrelated to her impairments, another factor the ALJ may consider when assessing credibility. *See, e.g., McDonald v. Comm'r of Soc. Sec.*, No. 13-12312, 2014 WL 1922790, at *13 (E.D. Mich. May 14, 2014). Plaintiff did not meet her burden of providing a compelling reason to disturb the ALJ's finding that Plaintiff was not entirely credible. The Court declines Plaintiff's request to remand this matter to the ALJ for a new credibility determination.

The Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

For the reasons set forth above,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Elizabeth A. Stafford **[Doc. No. 13, filed January 27, 2016]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[Doc. No. 14, filed February 10, 2016]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 10, filed July 6, 2015]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 11, filed July 31, 2015]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: February 29, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 29, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager